# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia,
ex rel. Attorney General

v.

Laszlo N. Tauber et al.

July 13, 2000

Case No. (Chancery) CH961241

BY JUDGE ALFRED D. SWERSKY

The accountings offered by Respondents are rejected. The hypothetical bases, assuming dissolutions in 1973, 1982, 1992, and 2005 and calculating a value based upon various returns on capital, does not afford the Court an opportunity to calculate the receipts, disbursements, rents, and profits that actually accrued to Respondents.

Respondents obtained interests in real property, were paid "dividends" in excess of their capital contributions, and finally obtained a settlement of a dispute with Inova directly arising out of hospital operations.

Under accepted principles, Respondents cannot profit from the wrong doing found by the Court and must be called to account for the profit obtained. In addition, where the Respondents, trustees in dissolution, commingle their interests with those of the charity, they bear the burden of proving the separate nature of the assets. Respondents have not met that burden. Hence, they are accountable for all of the assets, rents, profits, and receipts they obtained. *Hanshaw* v. *Day*, 202 Va. 818 (1961).

### Real Property

The Court finds that interest held by Respondents in the realty as trustees in dissolution to be as follows:

1. Hopkins parcel 1 and 2: 70%
2. Beauregard Street: 100%
3. Hospital Improvements: 100%
4. Beauregard and Building: 100%

The Court will hear argument on whether or not Respondents are entitled to a credit for costs of acquisition and improvements to the realty actually incurred. In addition, argument will be allowed on whether or not Dr. Gondor is entitled to a personal credit of $150,000 for sums advanced by him as payment for a purported one-half held interest in the real property and the manner by which such credit could be given.

### Benefits and Payments to Respondents:

Complainant's accounting reveals that Respondents received net revenue through June 30, 1999, in the amount of $26,372,438.00 and that anticipated revenue from the Inova settlement through October 1, 2005, is $24,703,145.00 (including the $10,000,000.00 payment).

Under strict accounting rules, Respondents would be liable for the accrued revenues plus the present value of the future payments due from Inova. However, equitable principles require that a fairness test be applied to any award in this case.

Since Respondents now hold valuable real estates as trustees in dissolution, and since the benefit to other charities will be substantial even if Respondents are not required to account dollar-for-dollar, and the purposes of this cause will be served, this Court finds that an award of twenty million dollars in addition to the real property is fair and just under all of the circumstances. In addition, Respondents will be liable for Complainant's attorney's fees as well as those of Inova in the related matter.

Counsel shall promptly schedule a hearing on the following:

1. Presentation of orders.
2. Appointment of an appropriate receiver.
3. Attorney's fees.
4. Credits, if any, for real property acquisition.
5. Plans for the disbursement of funds acquired by the Receiver.